OPINION.
Drake, Ch. J.,
delivered the opinion of the court:
The claimant had four contracts with the Board of Public Works of the District of Columbia, for the improvement of streets, under which he did a large amount of work. In regard to one piece of that work, the macadamizing on Four-and-a-half street southwest, a controversy arose between him and the Board, which delayed the settlment between them of a final balance due him on account of all the work done under the four contracts. After considerable negotiation the following-agreement was arrived at, and signed and sealed by the claimant and all the members of the Board:
Wheroas differences have existed between the Board of Public Works of the District of Columbia and Patrick Cullinane in reference to the contract of said Cullinane for improving Pour-and-a-lialf street, in the city of Washington, it is' agreed to adjust the same by deducting from the total amount due said Cullinane the sum of fifteen thousand dollars in consequence of the character of the work, in the judgment of the Board, and the amount *594 equitably chargeable against the Metropolitan Railroad Company, which said amount is to be hereafter fixed between said Board and said company; bonds to be issued to said Cullinane for the balance due him.
Witness our hands and seals this thirteenth day of September, A. D. eighteen hundred and seyenty-three.
Patrick Cullinaxe. [seal.]
H. D. Cooke. [seal.]
Alex. R. Shepherd, [seal.]
James A. Magruder. [seal.]
Adole Cluss. [seal.]
H. A. Willard. [seal.]
In pursuance of this agreement, bonds of the District of Columbia to the amount of $113,950 were delivered to and accepted by the claimant, which he hypothecated in part, and sold in part, at much below their par value.
He now sues to recover $68,000, which he alleges he lost by the depreciation of the bonds; and in order to lay a foundation for a recovery he avers that the above writing did not fully express the actual agreement arrived at between him and the Board; and he invokes the equitable jurisdiction vested in this court in cases against the District to reform that writing, so as to make it express that actual agreement. His averment is that there was omitted by mistake therefrom a stipulation which was agreed upon, that the bonds given to him in pursuance of that agreement “ should he at par or equivalent to cash, and if not, they [the Board of Public Works] would pay in cash the difference between the actual valué and their face value.”
If the agreement be not reformed by the addition thereto of this stipulation, the claimant has no case; for it is found as a fact that when he received the bonds he knew that their actual value was below par, and knowing this he received them at their face value in settlement of his entire claim.
It is a well-settled rule of equity jurisprudence that if, in such a case, the mistake is clearly made out by proofs entirely satisfactory, equity will reform the contract, so as to make it comformable to the precise intent of the parties.
It is an equally well-settled rule that if the proofs are doubtful and unsatisfactory, and the mistake is not made entirely plain, equity will withhold relief, upon the ground that the written paper ought to be treated as a full and correct expression of the intent until the contrary is esablished beyond reasonable controversy.
After careful consideration of the evidence in this case, we *595 have felfc constrained to find that it does not appear that there was, before or at the time of the signing of the agreement in question, any other agreement than that between the claimant and the Board of Public Works as to the settlement of the matters of difference between them; nor was there any stipulation connected with the settlement which, after having been agreed upon between the parties, was omitted by mistake or otherwise from said agreement.
This finding, of course, leaves no grounds whatever for equitable interposition to reform the agreement which, therefore, must stand in its precise terms as the expression of the minds of the parties. The settlement having been carried out on both sides in accordance with those terms, the matter is finally closed. The claimant has no cause of action, and his petition must be dismissed.